494

**WILSON, Plaintiff-Appellee, v. WILSON, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3088. Decided Nov. 13, 1945.

K. H. Powell and J. Cronin, Youngstown, for plaintiff-appellee.

Davies and Eshner, Cleveland, and McKain, Ohl & Swanner, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Plaintiff sued defendant in the court of common pleas for divorce on the ground of extreme cruelty, and in her petition filed therein alleged inter alia "that she entered into a marriage contract with the defendant on or about the twenty-second day of March, 1942, at Cleveland, Ohio, and in pursuance of said contract, they lived together and cohabited as husband and wife and held each other out as husband and wife, and were recognized by friends and associates as such".

After considering evidence offered by both parties at a hearing held before him on plaintiff's motion for alimony pendente lite and for an "immediate award of monies for the purpose of investigating and prosecuting this claim" and for "attorney fees" the trial judge made an entry which insofar as applicable provides:

"Wherefore, it is by the court ordered and decreed that the defendant Harry Wilson pay to the plaintiff Mary Wilson as and for legal expenses in the prosecution of her action herein, the sum of $500.00, forthwith. Exceptions granted to defendant."

Plaintiff appealed to this court on questions of law from that order of the trial judge.

With reference to the alleged marriage contract plaintiff testified:

"Well, there was very little to it. He just asked me if I would be his wife and he said he would be my husband and that is the way we left it until such time as his alimony was finished, then we could have a ceremonial marriage.

"* * * Harry asked me if I would be his wife and I said yes and he said he would be my husband, from that time on until, and then later we would have our ceremonial marriage."

Plaintiff further testified that such alleged agreement was made in her sister's home in the presence of her sister and brother-in-law; that subsequent thereto she moved her personal belongings to defendant's apartment in the Carter Hotel in Cleveland, where she lived with defendant as his wife periodically and spasmodically for a period of four or five months; that the parties made trips to New York, Hot Springs, Arkansas, and Florida where they cohabited as husband and

wife; that in some of those places she was introduced as Mrs. Wilson; that she was known as Mrs. Wilson "only when we (they) would go out of town"; that in accordance with an agreement with defendant she was known at her place of employment by her former name of Mrs. Jones; that she didn't tell anyone she was married because she was waiting for a ceremonial marriage.

Defendant admitted seeing plaintiff in New York where they remained about two weeks, and Hot Springs, Arkansas, where they stayed at the same hotel twenty-five or twenty-six days, and meeting her at the train in Florida where likewise they stayed at the same hotel and where he remained for fifteen or sixteen weeks; denied ever entering into a contract of marriage with plaintiff or ever cohabiting with her in any of those places or anywhere else as his wife, or introducing her anywhere as such; and upon advice of counsel refused to answer numerous questions concerning such trips on the grounds that to answer those questions would tend to incriminate him.

Defendant contends that "the questions presented for consideration by this court are:

" (a) Is the plaintiff entitled to expenses and attorney fees in the prosecution of a divorce action based upon alleged common-law marriage when the defendant denies the marriage relationship and the evidence adduced in the preliminary hearing fails to establish the essential elements of a common-law marriage?

" (b) If the above question is answered in the affirmative, was the amount allowed by this Court, in the sum of $500.00, as and for plaintiff's legal expenses in the prosecution of her action, excessive and an abuse of discretion?"

"In order to sustain a common-law marriage, there must be proof of an explicit contract, either in writing or in parol, followed by cohabitation as husband and wife and a holding out to the public by both parties that they are husband and wife." **John H. Eagleson, Admr. v William S. McKee, et al, 19 Ohio Opinions 362, syllabi 2.**

It must be remembered that plaintiff appeals from an order of the trial judge allowing a sum of money to plaintiff for legal expenses in prosecuting her action for divorce, and upon such hearing:

"The court is not required to go into the merits of the cause to allow alimony pendente lite and expenses necessary to prosecute the suit, but a valid marriage is a prerequisite

to an allowance of alimony. If the petition sets forth a good cause of action, and no question as to the marriage is raised at the hearing, or if raised, and it is a matter to be determined from controverted evidence, the court may, in its discretion, make an award. But where at a hearing on a motion for temporary alimony it is proved or admitted that the marriage relied on was not a valid marriage, the court is without discretion to make an award. Such discretion is a legal discretion, not an arbitrary discretion."

Wolfer v Wolfer, 19 Oh App 12 at page 14.

Upon the evidence submitted to it for review this court can not say that the trial judge was without discretion to make such award to plaintiff; that plaintiff "has failed to show by the evidence that she has a fair prospect of success in this action"; and in view of the fact that defendant had sufficient money to make the trips concerning which reference is made and enjoy a vacation in Florida of fifteen or sixteen weeks, and considering his own testimony that in the year 1941 he earnd upwards of $20,000.00 a year and at the time of hearing earned $5,000.00 a year, and other evidence relating to his financial condition, which has been considered carefully but cannot be set forth herein and keep the length of this opinion within reasonable bounds, the conclusion is reached that in making such award the trial judge did not abuse his discretion, and that the amount of the award made to plaintiff is not excessive.

The judgment of the court of common pleas is affirmed.

NICHOLS, P. J., & CARTER, J., concur in judgment.